**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **CRIMINAL NO. H-12-168** |
| | § | |
| **DARREN CHAKER,** | § | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S
MOTIONS FOR SUPPLEMENTAL JURY
QUESTIONNAIRE AND TO SIMPLIFY THE TRIAL**

The United States respectfully requests that the Court deny Defendant Darren Chaker's Motion for Supplemental Jury Questionnaire (Doc. 71) and his Motion to Simplify the Trial. Neither of these motions have any merit, and should be denied.

**I.   THE COURT SHOULD DENY THE DEFENDANT'S MOTION FOR A SUPPLEMENTAL JURY QUESTIONNAIRE.**

In his motion, the Defendant requests that the Court pose 23 "legal attitude" questions to each prospective juror at the beginning of voir dire, with each juror required to answer whether they strongly disagree, disagree, somewhat, agree somewhat, or strongly agree. *See* Def. Mot. at 1. These questions – which the Defendant concedes "are not dependent in any way on the facts or law of this case" – cover topics ranging from whether wiretapping should be "completely illegal" (Proposed Question 9) to whether minority group members get fair trials (Proposed Question 11) to

1

whether "[a] society with true freedom and equality for all would have very little crime" (Proposed Question 17).  *See* Def. Proposed Supp. Jury Questionnaire at 1-4.  According to the Defendant, these questions should be either sent by mail or given to jurors when they arrive at the courthouse.  In the latter, case, the Defendant notes that each party will need time "to review [their answers] and make sense of them before beginning live voir dire."  *See* Def. Mot. at 1-2.

The government respectfully submits that this laborious procedure is entirely unnecessary and would needlessly extend and complicate a simple trial.  This Court, of course, has "ample discretion in determine how best to conduct voir dire."  *See Rosales-Lopez v. United States*, 451 U.S. 182, 189 (1981); *see also United States v. Howell*, 231 F.3d 615, 628 (9th Cir. 2000) (decisions regarding supplemental questions within the "sound discretion" of the district court."); *see also* Fed. R. Crim. Pro. 24(a) (permitting counsel to ask further questions "that the Court considers proper").  This Court should exercise its discretion to reject the Defendant's request.

The Defendant himself concedes that these questions have nothing to do with the facts of this case.  *See* Def. Mot. at 1.  Apparently, the Defendant wishes to pose these questions because a 1993 psychology article suggests that they an "effective predictor[] of mock jurors' decisions in criminal

2

cases." *See id.* The purpose of voir dire, however, is not to predict whether a particular juror will ultimately vote for conviction or acquittal. Rather, the purpose of voir dire is to help find a fair and impartial jury. *See Mu'Min v. Virginia*, 500 U.S. 415, 431 (1991) ("Voir dire examination serves the dual purposes of enabling the court to select an impartial jury and assisting counsel in exercising peremptory challenges."); *see also United States v. Martinez-Salazar*, 528 U.S. 304, (2000) ("recognizing that the principal reason for preemptory challenges is "to help secure the constitutional guarantee of trial by an impartial jury."). While surely every litigant wants to know as much as possible about prospective jurors in order to gain a tactical advantage during trial, voir dire should not reengineered to accomplish this goal. Certainly, the Defendant cites to no case that suggests that voir dire should be conducted in such a manner. Given that the Defendant's proposed questions have nothing to do with the facts of this case, the Court would be well within its discretion to deny this request. *See, e.g., United States v. Soderman*, 429 Fed. Appx. 663, 667 (9th Cir. 2011) (affirming district court's decision to reject a proposed jury questionnaire and refusing to permit voir dire questions on a particular subject in a criminal case because "while it may be the case that members of the public have strong feelings or prejudices about the subject at issue, it was not an

important aspect of the litigation.").

Furthermore, a jury questionnaire in this relatively simple and straightforward case is unnecessary. While a jury questionnaire is sometimes helpful in complicated trials that will last for extended periods of time, this is a two count indictment which the government expects to complete within a week, and perhaps as quickly as a day or two. The main issue presented is whether the Defendant lied on the stand. Interjecting irrelevant and frankly prejudicial questions of "illegally obtained evidence" and defendants who "resists arrest" – as the Defendant asks in proposed questions three and seven, respectively – merely serves to muddy the waters. Furthermore, this Court has advised the parties that it will permit the usual and ordinary voir dire in this case. The Defendant fails to make any showing that the standard procedure would be insufficient in this case. Accordingly, the government respectfully requests that the Court deny this motion.

## II.  THE COURT SHOULD DENY THE DEFENDANT'S MOTION TO SIMPLIFY THE TRIAL

Additionally, the United States respectfully requests that the Court deny Defendant Darren Chaker's Motion to Simplify the Trial. In his motion, the Defendant requests that the Court entirely strike approximately 19 paragraphs of the 30 paragraph Indictment, and to strike certain words

and phrases from an additional 5 paragraphs of the Indictment. *See* Def. Mot. at 3. The Defendant's Motion is without merit, however. He fails to provide any explanation as to why this evidence is irrelevant. Furthermore, an examination of the language to which he objects demonstrates that it is either directly relevant to the charges alleged in this case or provides necessary context to the jury. Accordingly, his motion should be denied.

"For language to be struck from an indictment, it must be irrelevant, inflammatory, and prejudicial." *United States v. Graves*, 5 F.3d 1546, 1550 (5th Cir. 1993); *see also* Fed. R. Crim. P. 7(d). The Fifth Circuit has described this standard as "exacting." *United States v. Bullock*, 451 F.2d 884, 888 (5th Cir. 1971). "Because this standard is strict, a court rarely grants such a motion." *United States v. Solomon*, 273 F.3d 1108, at *2 (5th Cir. 2001) (per curium) (unpub.) (citing *Bullock*). Where information in an indictment is sufficiently relevant to the charged offense, the court should not strike it, no matter how prejudicial it may be. *See United States v. Scarpa*, 913 F.2d 993, 1013 (2d Cir.1990); *United States v. Edwards*, 72 F.Supp.2d 664, 667 (M.D.La.1999), *appeal dismissed*, 206 F.3d 461 (5th Cir. 2000). The mere fact that information in an indictment does not constitute an element of the charged offense does not require that it be stricken. *Id.* (citation omitted). Indeed, allegations in an fraud indictment in particular

are appropriate if they provide "the context of the fraud." *United States v. Bernegger*, 661 F.3d 232, 240 n. 2 (5th Cir. 2011). The Fifth Circuit will review a district court's decision concerning a motion to strike surplusage from an indictment only for an abuse of discretion, *see Graves*, 5 F.3d at 1550, and to reverse a district court's denial of such a motion, it "would have to be *convinced* that the allegedly excessive language was irrelevant, inflammatory and prejudicial." *Bullock*, 451 F.2d at 888 (emphasis added).

Aside from blandly labeling all of the language to which he objects as "irrelevant, inflammatory, and prejudicial," the Defendant fails to explain why this language poses a problem sufficient for this Court to strike it. For example, the Defendant objects to paragraphs 22-26 of the Indictment. But these paragraphs contain the manner and means of the Defendant's scheme to defraud, and explain how the Defendant's scheme operated and his underlying motive when providing false information to the Court. Indeed, the Defendant requests this Court to strike the entire manner and means section from the Indictment. It remains entirely unclear what basis the Defendant has for such a sweeping request. Similarly, the Defendant objects to paragraphs 12-20 of the Indictment. But these paragraphs concisely explain how the unfamiliar (to the average juror) process of bankruptcy works. Without this necessary context, it will be virtually

impossible to explain to a jury exactly how and the defendant was committing bankruptcy fraud.

Because the Defendant fails to explain his basis for attempting to strike what amounts to two-thirds of the entire Indictment, and given the heavy burden he carries in making such a motion, this Court should exercise its discretion and deny his motion in its entirety. In the alternative, the government requests that the Court require the Defendant to articulate his specific objections to the Indictment, and permit the government an appropriate amount of time to respond either in writing or orally at a hearing on this motion. In either case, the Defendant's motion should be denied.

        Respectfully submitted,

        KENNETH MAGIDSON
        United States Attorney

        */s/ Sharad S. Khandelwal*
        CAROLYN FERKO
        SHARAD S. KHANDELWAL
        Assistant United States Attorney
        U.S. Attorney's Office, S.D. Texas
        1000 Louisiana, Suite 2300
        Houston, Texas 77002
        Tel: (713) 567-9345
        D.C. Bar Id. No. 468-996

        Attorneys for the United States

## CERTIFICATE OF SERVICE

This is to certify that on the 16th day of January 2013, a copy of the forgoing was served on the defendants by the Court's electronic filing system.

*s/Sharad S. Khandelwal*
SHARAD S. KHANDELWAL
Assistant United States Attorney
