UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. H-12-168-S |
| DARREN DAVID CHAKER, a/k/a DARREN Del NERO a/k/a DARRIN SHACKLER | § § § § § | |
| DEFENDANT | § § | |

## UNITED STATES' MOTION IN LIMINE FOR DESIGNATION OF WITNESSES UNDER RULE 701

The United States of America, by and through the United States Attorney for the Southern District of Texas, Kenneth Magidson and Assistant United States Attorneys Carolyn Ferko and Sharad S. Khandelwal, hereby files this motion respectfully requesting that the Court issue a pretrial ruling that certain government witnesses are lay witness, and not expert witnesses under Federal Rule of Evidence 702.  In the alternative, the United States respectfully requests that the Court hold a pretrial hearing on this issue.

## DISCUSSION

In this bankruptcy fraud case, which is currently scheduled for trial on March 25, 2013, the government intends to call to the stand in its case-in-chief: (1)

1

representatives of one or more lending institutions and title companies involved in the defendant's real estate transactions at issue in this case;[1] and (2) the two Assistant U.S. Trustees who were responsible for overseeing the defendant's three bankruptcy cases at issue in this case.[2]

Because these witnesses will be testifying about their personal knowledge about these events and about the various documents associated with these events, and will not be asked about hypotheticals or to offer any opinions, the government considers these witnesses to be nothing more than lay witnesses.

Nonetheless, counsel for the defendant has informally advised the

---

[1] The United States anticipates calling as witnesses representatives of one or more lending institutions and title companies. The anticipated testimony concerns the contents of lender and title files for specific property transactions. The lender and title company witnesses will also explain the terminology used in the documents as well as the methodology used by their institution as it relates to these types of documents contained in their files. Specifically, Branch Sheppard, Esq., who was one of the attorneys hired to represent Saxon Mortgage, will testify to the factual events surrounding the filing of the defendant's multiple bankruptcy petitions and the effect that each had upon the attempted foreclosure of the Pampass Pass property. He will testify the about the investigation that was undertaken by Saxon Mortgage and his law firm regarding the defendant's bankruptcy filings and claims.

[2] Each Assistant U.S. Trustee will describe what specifically happened during the course of the defendant's particular bankruptcy proceedings. In the course of explaining their personal observations, they will explain to the jury how bankruptcy works as a general matter and what their role in these types of proceedings generally entails.

Government that he anticipates objecting when the government calls these witnesses in its case-in-chief because it did not designate these witnesses as expert witnesses. So far as the government understands it, the defense considers these witnesses to be experts because they will briefly testify about how real estate transactions and bankruptcy proceedings work in general before discussing the specific transactions about which they have personal knowledge.

In the government's view, categorizing these particular witnesses as fact witness is routine and uncontroversial. These witnesses' brief and general explanations of how these types of real estate transactions and bankruptcy proceedings work is based on these witnesses' personal experiences and observations, and is necessary so that the jury can understand and follow what actually happened in this particular case.

The Federal Rules of Evidence do not preclude lay witness from testifying about these matters. Rule 701 of the Federal Rules of Evidence provides:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>     (a) rationally based on the witnesses' perception;
>     (b) helpful to clearly understanding the witnesses' testimony or to determining a fact in issue; and
>     (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Federal Rule of Evidence 701 (entitled "Opinion Testimony by Lay Witnesses").

As a threshold matter, neither this Rule nor any other rule of evidence precludes a lay witness from testifying as to purely factual matters.  Rather Rule 701 and 702, (which of course deals with expert testimony) both concern lay and expert *opinion* testimony, as distinguished from purely factual testimony.  Accordingly, when the government asks the lending witness to describe the documents generally kept in a lender file and to explain the terminology involved in these documents, such testimony is simply factual testimony based on their personal experience in the field.  Similarly, when the government asks a bankruptcy trustee to identify what type of bankruptcy petition the defendant filed in this case (here, Chapter 11 and 13 petitions), and then follows up to ask her what explain what a Chapter 13 bankruptcy filing is, compared to a Chapter 7 or an 11 petition, these are simple uncontroversial facts that the witness has learned from her experience as a trustee and which the jury needs to help understand the subject-matter of the witness' testimony.  Nothing in the evidentiary rules precludes a witness from testifying about facts, and so the defendant's anticipated objection lacks any foundation.

     Even were the Court, for the sake of argument, to classify this type of testimony as opinion rather than fact, however, it is well settled that Rule 701 routinely permits this type of testimony.  For example, the Fifth Circuit has repeatedly held that "Rule 701 does not exclude testimony by corporate officers or

business owners on matters that relate their business affairs, such as industry practices and pricing." *National Hispanic Circus, Inc. v. Rex Trucking, Inc.,* 414 F.3d 546, 551 (5th Cir. 2005) (citing *Texas A&M Research Foundation v. Magna Transportation, Inc.*, 338 F.3d 394, 403 (5th Cir. 2003) (citing *Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co.*, 320 F.3d 1213, 1223 (11th Cir. 2003)).  Similarly, the Fifth Circuit last year held that Federal Bureau of Prison officials could testify in a prison murder trial about various aspects of prison life, prisoner behavior, and inmate-on-inmate violence without becoming expert witnesses because their testimony was "based on their past experiences formed from firsthand observations." *United States v. Ebron*, 683 F.3d 105, 137-38 (5th Cir. 2012).

    Additionally, the Eleventh Circuit in *United States v. Hill*, 643 F.3d 807. 840 (11th Cir. 2011), where the defendants were convicted of bank fraud, among other criminal offenses, based upon a scheme in which they sold properties to straw buyers for inflated prices and used mortgages gained by misrepresenting to the lenders the true buyers, the source of the down payments, and the value of the properties, upheld the District Court's decision to  allow bank employees "involved in mortgage and loan approval . . . to testify about whether the disclosure of misrepresentations in some of the fraudulent loan applications would

5

have had any effect on their decision to approve the mortgage or loan." *Id.* at 841. The defendants in *Hill* objected because these witnesses were not "qualified" as experts under Rule 702. *Id*. The appellate court held that the bank employees' testimony was admissible under Rule 701 and the owner/officer example from the advisory committee notes because the employees testified "based on particularized knowledge gained from their own personal experiences." *Id.* at 841; *see also United States v. Munoz-Franco,* 487 F.3d 25, 36 (1st Cir. 2007) (affirming lay opinion testimony of savings and loan institution's chief lending officer that riskiness of loans was improperly classified based upon the witness's "banking experience and his particular knowledge about" the loans in question.).

Applying *National Hispanic Circus, Ebron,* and *Hill* to the instant case, it is apparent that what the government seeks here is not in any way unusual.  In effect, the government is simply asking lending/title and bankruptcy trustee witnesses to testify about the "business affairs" and general "industry practices" with which they have personally become familiar – just so that the jury can understand their specific testimony about their personal interactions with the defendant and his real estate and bankruptcy dealings.  Accordingly, this Court should rule that Rule 701 permits the testimony sought by the government in this case.

Indeed, this Court has previously ruled that similar testimony was permitted

under Rule 701. In *United States v. Valencia*, No. H-04-514, 2006 WL 3716657, at *10 (S.D. Texas Dec. 14, 2006) (Atlas, J.)), this Court rejected a defendant's post-trial argument that the government had "misrepresented" a witness as a fact witness when the witness was actually an expert witness. This Court described the witness as having "summarized complex and voluminous Dynegy trading records," having testified about "Dynegy's overall trading positions at the end of each of several trading months," and having "explained the effect on Dynegy's trading position of a one penny movement in the pertinent indices at each of the hubs in issue." *Id*. After noting it had conducted a pre-trial *Daubert* hearing on this issue, it squarely rejected the defendant's argument. On appeal, the Fifth Circuit affirmed this Court's decision. *See United States v. Valencia*, 600 F.3d 389, 416 (5th Cir. 2010). Citing Rule 701 and *National Hispanic Circus, Inc.,* the Fifth Circuit held:

> Because Labhart's knowledge and analysis were derived from duties he held at Dynegy, his opinions were admissible as testimony based upon personal knowledge and experience gained while employed by Dynegy. He engaged in precisely the kind of analysis he regularly performed as chief risk officer; the fact that he drew particular opinions and projection for the purposes of this case does not make him an "expert" within the meaning of Federal Rule of Evidence 702.

*Id.* at 416 (internal citations omitted) (citing *Texas A&M Research Found.*, 338 F.3d at 403). Applying *Valencia* to the instant case, this Court should similarly

rule that the testimony sought by the government is permitted by Rule 701. Indeed, the testimony sought by the government in this case is far less complicated and far more brief than that which was sought in *Valencia*.

In order to avoid the defendant's anticipated continuous objections during the government's case-in-chief, the United States respectfully requests a ruling in advance of trial that these witnesses are fact witnesses and not expert witnesses. In the alternative, the Government respectfully requests that the Court conduct a pretrial hearing on the matter.

Respectfully submitted,

KENNETH MAGIDSON
UNITED STATES ATTORNEY

*/s/ Carolyn Ferko*
CAROLYN FERKO
SHARAD S. KHANDELWAL
Assistant United States Attorneys
Southern District of Texas

## CERTIFICATE OF SERVICE

    I certify that a copy of the foregoing was sent via ECF Transmission on this the 7th day of March, 2013 to counsel for the defendant.

                              Respectfully submitted,

                              KENNETH MAGIDSON
                              UNITED STATES ATTORNEY

                              */s/ Carolyn Ferko*
                              CAROLYN FERKO
                              SHARAD S. KHANDELWAL
                              Assistant United States Attorneys
                              Southern District of Texas