UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | CRIMINAL NO. H-12-168-S |
| § | |
| DARREN DAVID CHAKER, § | |
| a/k/a DARREN Del NERO § | |
| a/k/a DARRIN SHACKLER § | |
| § | |
| DEFENDANT § | |

## UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE INDICTMENT

The United States of America, by and through the United States Attorney for the Southern District of Texas, Kenneth Magidson and Assistant United States Attorneys Carolyn Ferko and Sharad S. Khandelwal, hereby files this opposition to the Defendant's Motion to Dismiss the Indictment (hereinafter, "Motion").

I.   **Legal Standard**

Under *Rule 12(b)(2) of the Federal Rules of Criminal Procedure*, a defendant "may raise by pretrial motion any defense, objection, or request that the court can determine without trial of the general issue." *FED. R. CRIM. P. 12(b)(2)*.

1

In *United States v. Mann, 517 F.2d 259, 267 (5th Cir. 1975)*, the Fifth Circuit held that "A defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence .... 'There is no authority under *Rule 12* ... to dismiss on the basis of a sufficiency-of-the-evidence defense which raises factual questions embraced in the general issue.'" *United States v. Mann, 517 F.2d 259, 267 (5th Cir. 1975), cert. denied, 423 U.S. 1087, 47 L. Ed. 2d 97, 96 S. Ct. 878 (1976)* (quoting *United States v. Brown, 481 F.2d 1035, 1041 (8th Cir. 1973))*; *see also United States v. DeLaurentis, 230 F.3d 659, 660-61 (3rd Cir. 2000)* ("[A] pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence .... *Federal Rule of Criminal Procedure 12(b)(2)* authorizes dismissal of an indictment if its allegations do not suffice to charge an offense, but such dismissals may not be predicated upon the insufficiency of the evidence to prove the indictment's charges."

## II. Count One should Not Be Dismissed.

Defendant Chaker lied to Court when he stated to the Honorable Jeff Bohm "No," in response to the question "Had you ever rented the property out prior to January" (Case No.07-31703, March 26, 2007, Transcript p. 14, lns. 15-16). That is exactly what Count One of the Superseding Indictment alleges:

From on or about March 26, 2007, in the Houston Division of the Southern District of Texas,

**DARREN DAVID CHAKER, a/k/a,
DARREN Del NERO, DARRIN SHACKLER**

defendant herein, did devise a scheme and artifice to defraud and for the purpose of executing and concealing the scheme and artifice, and attempting to do so, made false and fraudulent representations in relation to a proceeding under Title 11, specifically, *In re: Darren D. Chaker*, No. 07-31703-H4-13, at the time after the filing of Darren D. Chaker's bankruptcy petition, specifically his testimony during a bankruptcy hearing in which, while under oath, the defendant falsely and fraudulently represented to the Court that the home Pampass Pass was never leased out prior to January 2007, when he then well knew in truth and in fact, that he had previously contracted with Century 21 Realtor "J.M.", who secured at least two rental contracts, the first from September 13, 2005 through January 13, 2006, and the second from January 17, 2006 to February 16, 2006.
In violation of Title 18, United States Code, Section 157(3).

Paragraph 27, Superseding Indictment.

Specifically, the United States will offer evidence, through the testimony of witness, J.M., that Defendant Chaker –he, himself, personally- entered into not one, but two separate "Residential Real Estate Listing Agreement" for the Pampass Pass property between "Landlord Darren D. Chaker" and broker J.M., Century 21- The Morton Group. The first contract was signed and dated on September 1, 2005 by Chaker in the presence of witness J.M. This contract provided for the broker to market the Pampass Pass property from September 1, 2005 through August 31, 2006. The second contract to market the Pampass Pass property was between

3

"Landlord Darren D. Chaker/Core Capital, LLC" and broker J. M., Century 21-The Morton Group. This contract was signed and dated on May 9, 2006 by "Darren Chaker, member - Core Capital, LLC. Evidence will be presented by witness J. M., including handwritten correspondence and multiple emails between Chaker and J.M. regarding the leasing and marketing to lease the Pampass Pass property, written by Chaker. This witness will further testify that J.M. secured at least two (2) rental contracts on Chaker's behalf for the Pampass Pass property during 2005 and 2006.

The United States will also present the testimony of renter J.N.B., who will testify that he personally meet with Defendant Chaker and did a "walk-through" of the Pampass Pass property prior to signing the six month rental contract on September 3, 2005. J.N.B. will testify that Defendant Chaker, his apparent girlfriend, and two pit bulls were living in the home prior to him and his family moving in. He will testify that when he moved out – there was controversy between J.N.B. and Defendant Chaker over the condition of the carpets and house. J.N.B. will state that when he attempted send a carpet cleaning company to deal with the carpets, Defendant Chaker called him and stated, "This is *my property* and you have no right to come on to it."

The United States would argue that Count One is properly charged and supported by evidence beyond a reasonable doubt, and should not be dismissed. Counsel argument regarding a "literal truth" defense is meritless.

### III. Count Two Should Not Be Dismissed

Count Two of the Indictment alleges the following:

> On or about August 22, 2007, in the Houston Division of the Southern District of Texas, and elsewhere,
> **DARREN DAVID CHAKER, a/k/a,**
> **DARREN Del NERO, DARRIN**
> **SHACKLER**
> defendant herein, in connection with a case under Title 11 of the United States Code, specifically, Bankruptcy case number 07-35409, Darren D. Chaker, Member and acting on behalf of debtor, Core Capital, LLC, did knowingly and fraudulently make a declaration and statement under penalty of perjury, that is, when asked about his prior statements regarding the Pampass Pass property in a previous hearing, defendant testified under oath, that "if I was asked the question if it's Capital.", when in truth and in fact, in the previously filed bankruptcy petition, 07-31703, Darren D. Chaker never disclosed in any of his previous filings that he was a member of Core Capital, LLC nor did he ever mention to the Court the existence of Core Capital, LLC or that Core Capital, LLC had any interest in the Pampass Pass Property. In violation of Title 18, United States Code, Section 152 (3) and 2.

Paragraph 28, Superseding Indictment

Defendant Chaker was asked by the Honorable Marvin Isgur, who was presiding over Defendant Chaker's Chapter 11 bankruptcy for Core Capital, LLC, "Did you tell the judge about Core Capital, LLC?" (Case No. 07-35409, August 22, 2007, Transcript p. 22, ln.12). Defendant Chaker answered, "If I was asked the question

5

if it's rented or who owns it, yeah, absolutely, I would say that's Core Capital." (Case No. 07-35409, August 22, 2007, Transcript p. 22, lns.13-15).

As a threshold matter, counsel fails to cite any legal authority in support of his requested relief. Defendant's argument that Defendant Chaker's response is a first a "hypothetical answer" and that secondly Defendant Chaker cannot be criminally prosecuted is baseless. Defendant Chaker was asked by his own attorney in the hearing before the Honorable Jeff Bohm, who was presiding over Defendant Chaker's Chapter 13 bankruptcy, "Okay. And did you file both cases to save *some property that you owned in Houston*?" (Case No.07-31703, March 26, 2007, Transcript p. 5, lns. 8-9). Defendant Chaker replied, "Yes." (Case No.07-31703, March 26, 2007, Transcript p. 5, ln. 10).

The United States will put on additional evidence that Defendant Chaker never disclosed in any of his previous filings before Judge Bohm that he was a member of Core Capital, LLC nor did he ever mention to the Court the existence of Core Capital, LLC or that Core Capital, LLC had any interest in the Pampass Pass Property. The United States will argue that this concealment of these facts was intentional and material. Counsel's argument that Defendant's answer "cannot be proven untrue" fails. (Def. Motion to Dismiss, page 4, paragraph 3).

## **CONCLUSION**

The government respectfully requests that the Court deny the defendant's motion to dismiss all counts of the Superseding Indictment.

Respectfully submitted,

KENNETH MAGIDSON
UNITED STATES ATTORNEY

*/s/ Carolyn Ferko*
CAROLYN FERKO
SHARAD KHANDELWAL
Assistant United States Attorneys
U.S. Attorney's Office, S.D. Texas

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was sent via ECF Transmission on this the 15th day of March, 2013 to counsel for the defendant.

        Respectfully submitted,

        KENNETH MAGIDSON
        UNITED STATES ATTORNEY

        */s/ Carolyn Ferko*
        CAROLYN FERKO
        Assistant United States Attorney