IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | Criminal No. H-12-0168 |
| | § | Civil No. H-17-1879 |
| v. | § | |
| | § | |
| | § | Fifth Circuit Appeal No. 18-20785 |
| DARREN D. CHAKER | § | |

## ORDER

The Court entered a Final Dismissal Order [Doc. # 415] on October 25, 2018, in this 28 U.S.C. § 2255 proceeding. Petitioner and Defendant Darren D. Chaker filed a Notice of Appeal [Doc. # 416] on November 19, 2018. Chaker now has filed an "Application to File Motion Under Seal" [Doc. # 426], to which he attaches a sealed proposed motion [Doc. # 426-2] and a proposed order [Doc. # 426-1]. The proposed order requests emergency reinstatement of Defendant's petition under Section 2255, rather than merely permission to file his proposed motion under seal. Although the Government cannot view the sealed proposed motion, it can review Defendant's requested order. The Government accordingly has responded to the motion to seal with an opposition to reinstatement of Chaker's appeal. *See* Response [Doc. # 427].

1

As support for his request to seal his proposed motion [Doc. # 426-2], Chaker asserts specific grounds to justify sealing certain exhibits submitted with the proposed motion. Specifically, Chaker seeks an order sealing Exhibit 1 (an attorney-client communication), Exhibit 2 (a "non-public communication" regarding a "confidential disciplinary proceeding"), and Exhibits 5-9 (medical records). Chaker gives no explanation for his request to seal the entirety of the proposed motion other than these exhibits.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (internal footnotes and citations omitted). *See Test Masters Educ. Serv., Inc. v. Robin Singh Educ. Serv., Inc.*, 799 F.3d 437, 454 (5th Cir. 2015); *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). However, the right "is not absolute," and "[e]very court has supervisory power over its own records and files." *Nixon*, 435 U.S. at 598. Therefore, although the common law provides a presumption of public access, a court in its discretion must balance the public's right of access against the interests favoring nondisclosure. *Van Waeyenberghe*, 990 F.2d at 848. When court files might become "a vehicle for improper purposes," such as private spite or promotion of

public scandal, a court may deny access. *Nixon*, 435 U.S. at 598; *Test Masters*, 799 F.3d at 454.

Defendant has identified no interest favoring general nondisclosure of his proposed motion that outweighs the presumption of public access to that proposed motion. Moreover, Chaker has requested permission to file various materials under seal, but this request does not permit *ex parte* argument. The Government's counsel of record is entitled to access to sealed materials that this Court considers. Therefore, Chaker's Application to File Motion Under Seal [Doc. # 426] is **DENIED**. Defendant's proposed sealed motion [Doc. # 426-2] and its proposed exhibits are **STRICKEN** from the Court record.

If Chaker files any other motions with this Court, the motion must be filed in the public record. To the extent Chaker seeks leave to file any supporting documents or particularized argument under seal or in redacted form, he must state in the publicly-filed motion that there are additional exhibits and argument he seeks to present separately to the Court with a request to seal. Chaker then must file a "motion to seal" with particularized reasons each document should be sealed, accompanied by the following attachments, which must clearly be labeled:

> (1) unredacted copies of the proposed exhibits sought to be considered with the publicly-filed motion,

(2) redacted copies of the proposed exhibits, ***and***

(3) a proposed supplement to the publicly-filed motion containing Chaker's additional argument based on the proposed sealed exhibits.

Chaker must serve the Government's counsel of record with an unredacted copy of all motions and other materials he files under seal.

It is **SO ORDERED**.

SIGNED at Houston, Texas, this 19th day of **March, 2019**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE