United States Courts
Southern District of Texas
FILED
SEP 09 2019
David J. Bradley, Clerk of Court

Darren D. Chaker
1140 Wall Street # 77
La Jolla, CA 92038
Tel: 213/914-6804
Email: DarrenChaker@ProtonMail.com

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS

UNITED STATES OF AMERICA,

Plaintiff

vs.

DARREN DAVID CHAKER,

Defendant.

Case No.: 4:12CR00168-001

APPLICATION TO FILE MOTION TO SEAL RECORDS AND DECLARATION IN SUPPORT OF MOTION TO SEAL RECORDS UNDER SEAL

The Supreme Court has developed a two-pronged test for determining whether a First Amendment right of access extends to a particular kind of proceeding or document: (1) whether the type of proceeding or document in question has traditionally been open to the public; and (2) whether public access to the document or proceeding would play a "'significant positive role in the functioning of the particular process in question.'" *Press-Enterprise II v. Superior Court*, 478 U.S. at 8; see also *Globe Newspaper Co. v. Superior Court*. 457 U.S. 596, 605-06 (1982).

The motion and declaration ("motion") refer and attach records that have clear expectation of privacy. Although the records are a public record at this point, the records sought to be sealed are not such that is "traditionally been open" to the public. Specifically,

**A. Medical Records:**

Reference to Defendant's medical records are referenced in argument at page 3 and entirety of declaration with its exhibits consists of **nothing but medical records**. The

right to privacy in a person's medical records is protected under 45 CFR 160 and 164 subparts (A) and [*3] (E). In *San Ramon Regional Med. Ctr., Inc. v. Principal Life Ins. Co.*, the court went so far as to sua sponte seal medical records because it found that the need to protect the patient's "confidential medical information outweigh[ed] any necessity for disclosure[.]" No. C 10-02258 SBA, 2011 U.S. Dist. LEXIS 4100, 2011 WL 89931, at *1 n.1 (N.D. Cal. Jan. 10, 2011).

Similarly, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub.L. No. 104-191, 110 Stat.1936 (1996) (codified primarily in Titles 18, 26 and 42 of the United States Code) generally provides for confidentiality of medical records. 42 U.S.C. §§ 1320d-1 to d-7. *See Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006). (*Woods v. Smith* (S.D.Tex. Feb. 20, 2013, No. H-11-2485) 2013 U.S.Dist.LEXIS 23647, at *20.)

As such, defendant request this motion is granted due to extensive discussion and attachment of medical records in support of his underlying motion to seal.

**B. Sealed Records – Non-Public Records.**

The entire motion to seal past page 3 refers to sealed records and matters related to Defendant providing records to the USAO in San Diego. Once a record is sealed, a right to privacy attaches. Gonzalez v. Spencer, 336 F.3d 832 (9th Cir.), cert. denied 157 L.Ed.2d 253, 124 S.Ct. 334 (2003) (attorney and law firm liable for accessing sealed case file without court authorization).

Exhibit A is a sealed court order from a Nevada court. The court order sealing the file is attached as Exhibit B. Exhibit I, is a redacted version of a sealed order to change Defendant's name. The order to seal the file and prevent the new name from being published was weighed by the court to justify sealing based on a danger to Defendant's safety.

Exhibit J, is currently a public record, but originates from the attorney-client file of Las Vegas attorney Robert Johnson.

Exhibit P is a certificate from the California Safe at Home Program. These certificate or names of participants are not public records. The California Address

Confidentiality Program, Safe at Home, is governed by Government Code sections 6205 through 6216. Government Code section 6205 et seq. enables state and local agencies to respond to requests for public records without disclosing the changed name or location of a victim.

Exhibit Q is pages "4 of 6" and "5 of 6" of a report from the North Las Vegas Police Department. Exhibit R of the motion before the court demonstrates the report was ordered sealed. Somehow, the two pages were obtained by Leesa Fazal, formerly of the Nevada Attorney General's Office. Likewise Exhibit R through X are sealed court orders, or records confirming compliance with the Nevada court order to seal records. Likewise, page 11-16 of the motion to seal before the court makes exclusive argument and references to these sealed records. When a Nevada court orders a record sealed then "[a]ll proceedings recounted in the record are deemed never to have occurred." NRS 179.285. *Mkhitaryan v. U.S. Bancorp*, 2013 U.S. Dist. LEXIS 111903, *33-34 (D. Nev. Aug. 8, 2013) (emphasis added). *State, Dept. of Motor Vehicles and Public Safety v. Frangul*, 110 Nev. 46, 867 P.2d 397. It allows a Defendant to deny "all proceedings recounted in the record are deemed never to have occurred, and the person to whom [the order] pertains may properly answer accordingly to any inquiry concerning the arrest...and the events and proceedings relating to the arrest ...." NRS § 179.285.

Exhibits Z and AA are non-public letters related furnishing a confidential report to a civil attorney absent a subpoena or lawful order to do so.

Given the contents of the motion to seal, its exhibits, and the declaration along with its exhibits, it is clear the consolidated motion before the court has or makes reference to nothing but sealed records or medical records. This honorable court should seal the motion and the declaration since it is permitted to keep otherwise-public litigation materials out of the public domain upon a showing of "good cause."

To determine good cause, the court must balance the harm to the party seeking protection with the public's right to know about the litigation. Id at 787. "[I]f a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of

confidentiality." Id Among the good cause that satisfies the movant's burden is a demonstration of "particularly serious embarrassment." Id at 788 (quoting *Cipdlone v Liggitt Group, Ire*; 785 F.2d 1108, 1122 (3d Or. 1986), cert. denied, 484 U.S. 976, 108 S. Ct. 487, 98 L. Ed. 2d 485 (1987)); see also *Pearson u Miller*, 211 F.3d 57, 73 (3d Gr. 2000) ("The injury shown, however, need be no more than 'embarrassment'; thus, a party need not establish a monetizable injury.").

**C. Return of Documents:** In the event this honorable court is not inclined to grant this request to seal the motion, declaration and its exhibits, Defendant requests the court return such to him. See *United States v. Baez-Alcaino*, 718 F. Supp. 1503, 1507 (M.D. Fla. 1989) ("When a document is requested to be filed in camera it is presented to the appropriate judge to make a decision whether the document should be filed under seal, filed in the public documents, or returned to the submitting party, who may then [decide how to proceed with the matter]."). (*United States v. Damaryan* (E.D.Cal. July 27, 2017, No. 2:13-cr-00274-GEB) 2017 U.S.Dist.LEXIS 118115, at *6.).

## CONCLUSION

It is respectfully submitted this court grant this motion in full and order the Clerk of the Court to seal Defendant's Motion to Seal Records and the accompanying Declaration in Support of Motion to Seal Records.

Dated: September 6, 2018

Respectfully submitted,

_Darron Chaker_
Defendant

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and case or adversary proceeding. My business address is: 1140 Wall Street La Jolla, CA 92037

A true and correct copy of the foregoing document entitled (*specify*): **Motion to Seal Records; Declaration in Support of Motion to Seal Records**
_____
_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _9/7/19_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**U.S. District Court**
**515 Rusk Avenue**
**Houston, TX 770012**

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _**9/9/19 Emailed AUSA Andrew Gould**_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/7/19 | Darren Chaker | *[signature]* |
|---|---|---|
| Date | Printed Name | Signature |

June 2012                                                                                                   F 9013-3.1.PROOF.SERVICE