Darren D. Chaker
1140 Wall Street # 77
La Jolla, CA 92038
Tel: 213/914-6804
Email: DarrenChaker@ProtonMail.com

United States Courts
Southern District of Texas
FILED

JAN 17 2020

David J. Bradley, Clerk of Court

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff <br><br> vs. <br><br> DARREN DAVID CHAKER, <br><br> Defendant. | Case No.: 4:12CR00168-001 <br><br> MOTION FOR THE COURT TO FILE AND RULE ON MOTION TO SEAL RECORDS |

 The court declined to file the application to seal and the accompanying motion to seal premised on the fact the case is no longer in controversy. When defendant previously filed a motion to seal, the court denied it stating defendant should cite to the records he wished to seal and address the issue of wavier.

 As indicated in the accompanying motion to seal, defendant could not afford to download thousands of pages of records and had only recently come into possession of the entire public record. Given the substantial issues contained in the declaration submitted under seal, defendant was unable to submit the motion earlier than when he had.

 As the court is aware, defendant was not provided his file by his former appellate counsel who possessed the entire file. Thus, defendant could not provide the detailed records since many of them were not in his possession. The court **did not** place a time restriction on when the defendant could re-file his motion to seal. The only condition the

court placed on defendant when he would re-file his motion to seal, was where the court directed defendant to address waiver. Defendant did comply and addressed waiver.

Defendant does not believe failing to file a revised motion to seal records when he was unable to review the records, he needed to seal would dictate the motion to seal is inapplicable. Likewise, defendant does not believe since there is no case in controversy such would discard his right to privacy. For example, Exhibits 1-6 are orders to seal records for cases that were dismissed or settled ranging from 2-12 years from when the case was closed. Each court granted the motion before it despite having been closed for years. Defendant merely requests this honorable court file the motion it sent back to the defendant and rule on the merits of the motion.

## CONCLUSION

It for the above reasons defendant requests this court grant this motion, file the attached application and motion to seal.

Dated:     January 15, 2020                    Respectfully submitted,

                                                _____
                                                Darren Chaker
                                                Defendant

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DARREN D. CHAKER,<br><br>Defendant. | Case No. 13mj3222-JLB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL**<br><br>[ECF No. 14] |

On October 30, 2014, Defendant Darren D. Chaker sent to the Court, but did not file, the instant Motion to Seal Partial Record. By direction of the Court, that motion was filed, under seal, on December 30, 2014. (ECF No. 14.) By this motion, Defendant moves the Court to seal (1) a letter, entitled Confidential Request to Seal Records, which was previously submitted by the Defendant but rejected for filing by the Court on November 20, 2013 (ECF No. 10); (2) the docket entry for ECF No. 6; and (3) the recording of Defendant's bond hearing on September 5, 2013 (ECF No. 6).



Ex. 1

1. As to the Confidential Request to Seal Records (ECF No. 10), this document was not accepted for filing, and instead was rejected due to discrepancies. Because this Confidential Request is not a part of the case file, having been rejected for filing, there is no reason why the document should be accessible to the public, especially in light of the privacy concerns expressed by Defendant. Defendant's motion to seal the Confidential Request to Seal Documents, currently visible as Page 2 of ECF No. 10, is **GRANTED**.[1]

2. As to Defendant's motion to seal the docket entry at ECF No. 6, that request is **DENIED IN PART** and **GRANTED IN PART**. Defendant's "legal name" as set forth in the docket entry is ordered redacted/stricken. The remainder of the docket entry text will remain in place.

3. As to Defendant's motion to seal the recording of Defendant's bond hearing, this motion was previously denied by Judge McCurine. (ECF No. 12.) Because Defendant has not presented the Court with any new or additional material information since this motion was denied by Judge McCurine, the motion is **DENIED**.

IT IS SO ORDERED.
DATED: December 30, 2014

_____
HONORABLE JILL L. BURKHARDT
UNITED STATES MAGISTRATE JUDGE

---

[1] Page 1 of ECF No. 10 is the Discrepancy Order, and is to remain unsealed.

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DARREN CHAKER-DELNERO,

    Plaintiff,

v.

BUTLER & HAILEY, *et al.*,

    Defendants.

Case No. 2:06-CV-0022-KJD-LRL

**ORDER**

    Presently before the Court is Plaintiff's Motion to Seal Partial Records (#27). Though the time for doing so has passed no response in opposition has been filed. The information that Plaintiff seeks to protect should have been redacted or filed under seal initially, because it contained financial account numbers and information regarding his medical history. Accordingly, good cause being found and in accordance with Local Rule 7-2(d), the Court grants the Motion (#27). The Clerk of the Court shall seal docket nos. 18 & 22.

    DATED this 3rd day of December 2012.

_____
Kent J. Dawson
United States District Judge

Ex. 2

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN D. CHAKER,<br><br>                    Plaintiff,<br>vs.<br><br>LAW OFFICES OF WINN AND SIMS, a Professional Corporation; BRIAN N. WINN; RALPH L. SIMS; and DOES 1 through 25 inclusive,<br><br>                    Defendants. | CASE NO. 06-CV-599-H (AJB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTIONS TO SEAL EXHIBITS TO HIS PREVIOUSLY FILED COMPLAINT**<br><br>[Doc. No. 7] |

       On March 17, 2006, Plaintiff filed a complaint against Defendants Law Offices of Winn and Sims, Brian N. Winn, and Ralph L. Sims. (Doc. No. 1.) On May 25, 2006, Plaintiff voluntarily dismissed the action without prejudice. (Doc. No. 6.) On January 7, 2013, Plaintiff, proceeding pro se, filed a motion to seal the exhibits attached to his previously filed complaint, specifically ECF page numbers 23, 26, 29, 37, and 39 of the Document No. 1. (Doc. No. 7.) Plaintiff seeks to seal these exhibits because they contains confidential financial-account numbers and financial records that may be sealed pursuant to Federal Rule of Civil Procedure 5.2(a), (e). (Id.)

///

///

Ex. 3

After reviewing the documents in question, the Court concludes that good cause exists to seal the documents. Accordingly, the Court **GRANTS** Plaintiff's request to seal the exhibits to the complaint without prejudice to the Court modifying this order at a later time.

**IT IS SO ORDERED.**

DATED: January 9, 2013

*/s/ Marilyn L. Huff*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DARREN CHAKER-DELNERO,<br><br>        Plaintiff,<br><br>vs.<br><br>NEVADA FEDERAL CREDIT UNION, *et al.*,<br><br>        Defendants. | Case No. 2:06-cv-00008-BES-GWF<br><br>**ORDER**<br><br>Motion to Seal (#25) |

This matter comes before the Court on Plaintiff Darren Chaker-Delnero's ("Chaker") Motion to Seal (#25), filed on December 10, 2012. Under Federal Rule of Civil Procedure 5.2(a)(4), filings with the Court that contain a financial account number may contain only the last four digits of the number. Attachment 1 to Craig Fiedberg's Declaration (#6-2), however, contains Chaker's entire financial account number, which was not redacted at the time of filing. *See Doc. #6-2* at 2, 4, and 6. Accordingly,

**IT IS HEREBY ORDERED** that Chaker's Motion to Seal Partial Record (#25) is **granted.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall seal Attachment 1 to the Declaration of Craig B. Friedberg (#6-2).

DATED this 18th day of December, 2012.

                                                  /s/ George Foley Jr.<br>
                                                 GEORGE FOLEY, JR.<br>
                                                 United States Magistrate Judge

Ex. 4

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 2932 | **DATE** | 10/22/2012 |
| **CASE TITLE** | Chaker vs. Bank One Corporation, et al | | |

**DOCKET ENTRY TEXT**

MOTION by Plaintiff Darren Chaker to seal partial record [47] is granted. The clerk is directed to redact the account number on Page ID#36, which appears in the "re" line of that document under Mr. Chaker's name as well as in line two of the first paragraph.

Docketing to mail notices.
*Copy to judge/magistrate judge.

| | Courtroom Deputy Initials: | TP |
|---|---|---|

Ex.5

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN D. CHAKER,<br><br>                    Petitioner,<br>v.<br>SAN DIEGO SUPERIOR COURT,<br><br>                    Respondent. | Case No. 99cv02260 BTM (AJB)<br><br>**ORDER SEALING RECORDS** |

Good cause having been shown, Petitioner's Motion to Seal Partial Record is hereby GRANTED. The Clerk of the Court is directed to seal Docket 10, 20, and 29.

**IT IS SO ORDERED.**

DATED:  November 26, 2012

_/s/ Barry Ted Moskowitz_
BARRY TED MOSKOWITZ, Chief Judge
United States District Court

Ex. 7

United States District Court
Southern District of Texas
**ENTERED**
October 03, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | Criminal No. H-12-0168 |
| | § | Civil No. H-17-1879 |
| v. | § § | Fifth Circuit Appeal No. 18-20785 |
| | § | |
| DARREN D. CHAKER | § | |

## ORDER

In this proceeding under 28 U.S.C. § 2255, the Court entered a Final Dismissal Order [Doc. # 415] on October 25, 2018. Petitioner/Defendant Darren D. Chaker filed an appeal, which the appellate court dismissed for want of prosecution on July 17, 2019 [Doc. # 430]. Defendant now has filed an "Application to File Motion to Seal Records and Declaration in Support of Motion to Seal Records Under Seal" [Doc. # 431]. He also filed a sealed document [Doc. # 432] with nearly 100 pages of records, mostly pertaining to previous proceedings involving Defendant in other courts.

This Court has dismissed Defendant's petition under § 2255 and his appeal has concluded. Defendant has no case or controversy pending before the Court. It is therefore

1

**ORDERED** that Defendant's "Application to File Motion to Seal Records and Declaration in Support of Motion to Seal Records Under Seal" [Doc. # 431] is **DENIED as moot.** It is further

**ORDERED** that the sealed document [Doc. # 432] is **STRICKEN** from the Court's record. The Clerk is **INSTRUCTED** to return the original to Defendant by Federal Express.

SIGNED at Houston, Texas, this 3rd day of **October, 2019.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE